GARY McCLURE ET AL v.
CITY COUNCIL OF PARAGOULD ET AL

73-133                                        501 S.W. 2d 247

Opinion delivered November 19, 1973

*L. V. Rhine, Douglas Bradley* and *Jon R. Coleman,* for appellants.

*Robert F. Thompson* and *Kirsch, Cathey, Brown & Goodwin,* by: *Donis B. Hamilton,* for appellees.

GEORGE ROSE SMITH, Justice. This action was brought by the appellants, as property owners of Water Improvement District No. 3 of Paragould, for a writ of mandamus to compel the city council of Paragould to call an election pursuant to Act 268 of 1969, for the selection of a board of directors for the improvement district. Ark. Stat. Ann. §§ 20-141 *et seq.* (Supp. 1971). While the suit was pending Act 268 was repealed by Act 145 of 1973. The defendants filed a motion for summary judgment on the ground that the controversy had become moot. This appeal is from an ensuing summary judgment in favor of the defendants. For reversal the appellants contend that the repealing act is unconstitutional, as an invasion of the judicial province, because it recites that the act being repealed is a local and special act.

That contention is without merit. The improvement district was created in 1920. The complaint alleges that, owing to the repeal of certain statutes, there was no procedure for the election of a board of directors when Act 268 of 1969 was adopted. That act, by its terms, applied to "any municipal water improvement district, organized and in operation for more than forty years, . . . in a city having a population of not less than 9,000 nor more than 12,000 according to the last regular census, and not being operated by an elected commission or board." Section 20-141. Section 1 of Act 145, the repealing act, reads: "That Act No. 268 of the Acts of Arkansas of 1969 being a local and special act, is hereby repealed."

The repealing act is unquestionably constitutional. To begin with, the legislature did not declare the earlier act to be unconstitutional. It merely declared that Act 168 was a local and special act. That declaration was true, because the act did not apply to the entire state. "The

exclusion of a single county from the operation of the law makes it local." *Webb* v. *Adams,* 180 Ark. 713, 23 S.W. 2d 617 (1929). In the second place, the General Assembly "may repeal any law it enacts . . . and the motive or reason for the legislative action cannot be inquired into by the court." *Gentry* v. *Harrison,* 194 Ark. 916, 110 S.W. 2d 497 (1937). The trial court was right in upholding Act 145 and in finding this case to be moot.

Affirmed.